Larry A. GOETZ, Petitioner–Appellant,

v.

Frank GUNTER, Executive Director, Department of Corrections; and Mark McKinna, Supervisor, Fremont Correctional Facility, Respondents–Appellees.

No. 90CA1770.

Colorado Court of Appeals,
Div. A.

April 23, 1992.

Larry A. Goetz, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul S. Sanzo, Asst. Atty. Gen., Denver, for respondents-appellees.

Opinion by Chief Judge STERNBERG.

Petitioner, Larry A. Goetz, was sentenced in 1976 for conspiracy to commit murder, and he was paroled in 1982. The state board of parole revoked his parole in September 1989, and he filed a petition for a writ of habeas corpus, claiming that he was denied due process of law and that the board lacked jurisdiction over him. Finding no error in the parole board's action, the court denied the petition, and petitioner appeals the district court ruling. Although we conclude that petitioner was not denied due process, we agree with his assertion that the parole board lacked jurisdiction to revoke his parole. Accordingly, we reverse the district court's denial of his petition and remand for vacation of his parole revocation pursuant to Crim.P. 35(c)(2)(VII).

As a preliminary matter, we note that, pursuant to § 13–4–102(1)(e), C.R.S. (1987 Repl.Vol. 6A), we referred this appeal to the supreme court, which ultimately concluded that petitioner had improperly postured his claim in the nature of habeas corpus and that this court had jurisdiction. *See Turman v. Buckallew,* 784 P.2d 774 (Colo.1989) (habeas corpus petition alleging unlawful parole revocation treated as motion for postconviction remedy under Crim.P. 35(c)(2)(VII) ).

Petitioner's parole was for a duration of five years. Less than three months before it was to expire, his parole officer filed a complaint alleging that petitioner had violated a condition of parole by driving under the influence of alcohol (the first complaint).

A parole revocation hearing scheduled for October 22, 1987, was continued at petitioner's request to permit him time to obtain counsel. The hearing was continued again in December, when the court refused to appoint counsel. Petitioner's parole expired on December 9, 1987, but the parole board did not discharge him from his sentence, claiming that under § 17–2–103(6)(c), C.R.S. (1991 Cum.Supp.), the filing of the complaint tolled the expiration date.

Between February and June of 1988, petitioner appeared at three more hearings. Each time they were continued, once at petitioner's request and at least once because the board wished to await the disposition of the DUI charge. When petitioner did not appear at a hearing in September, an arrest warrant was issued and a complaint was filed alleging violation of the parole condition requiring him to give notice of a change of address (the second complaint).

After petitioner's arrest in another state in June 1989 on charges unrelated to this case and his return to custody in Colorado, the parole board granted him two more continuances. Finally, at a hearing in September 1989, the board dismissed the first complaint; however, it revoked petitioner's parole for the violation alleged in the second complaint and remanded him to the Department of Corrections for the remainder of his original sentence.

Subsequently, petitioner was convicted of other charges and was sentenced to sixteen years, to run consecutively with his parole revocation sentence. In August 1990, he initiated this proceeding, contending that the revocation of his parole was unlawful. The court rejected that contention finding that because the first complaint tolled the expiration of his parole period, the parole board had jurisdiction to revoke his parole on the basis of the second complaint.

## I.

■ Petitioner first contends that the delay resulting from the repeated continuances of his revocation hearing denied him due process. We disagree.

If a parole officer has reasonable grounds to believe that a condition of parole has been violated, the officer may either issue a summons requiring the parolee to appear before the parole board, or request the board to issue a warrant for his arrest. Section 17–2–103(3)(a), (b), C.R.S. (1986 Rep.Vol. 8A).

If the parolee is arrested, a revocation hearing must be held "within a reasonable time, not to exceed thirty days after the parolee was arrested," unless the board grants a delay for good cause. Section 17–2–103(7), C.R.S. (1986 Repl.Vol. 8A). However, this section limits only the period of time a suspected parole violator may be imprisoned while authorities investigate the alleged violation; it does not limit the time within which the board must act on the issue of revocation. *Folks v. Patterson,* 159 Colo. 403, 412 P.2d 214 (1966).

■ Although a parolee is not entitled to all of the federal constitutional procedures and safeguards guaranteed by the due process clause of the Fourteenth Amendment, *see Hutchison v. Patterson,* 267 F.Supp. 433 (D.Colo.1967), due process does require that a parolee be given a revocation hearing within a reasonable time. *Hanahan v. Luther,* 693 F.2d 629 (7th Cir.1982) *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1013 (1983). Reasonableness

must be determined on a case-by-case basis, and among the factors to be considered is whether a delay is due in part to the parolee's request for postponement. *Hanahan v. Luther, supra.*

██ Here, the first complaint resulted in petitioner being summoned to appear before the parole board. Because he was not arrested or imprisoned, the thirty-day requirement of § 17–2–103, C.R.S. (1986 Repl.Vol. 8A) does not apply. The continuances of his revocation hearing during the ensuing year were in large part attributable to petitioner himself. Moreover, the parole board was free to await the outcome of criminal charges before acting. *People in Interest of M.H.*, 661 P.2d 1173 (Colo. 1983). Finally, the delay in the revocation hearing following the filing of the second complaint was due, first, to petitioner's unauthorized absence from the state and then, after he was returned to custody, to continuances granted at his request.

Consequently, despite the almost two year interim between the filing of the first complaint and the final revocation hearing, we conclude that petitioner received due process of law.

## II.

Although we do not adopt his reasoning, we agree with petitioner's second contention that the parole board lacked jurisdiction when it revoked his parole.

The filing of a complaint by a parole officer tolls the expiration of the parolee's parole. Section 17–2–103(6)(c), C.R.S. (1991 Cum.Supp.). The district court concluded that because the expiration period was tolled when the first complaint was filed, the second complaint could be the basis for revocation of petitioner's parole, even though the violation upon which it was based occurred after the date his parole would have expired, but for the tolling.

██ Petitioner, on the other hand, argues that § 17–2–201(5)(a), C.R.S. (1986 Repl.Vol. 8A) limits the parole term of an offender sentenced prior to July 1, 1979, to a maximum of five years and that the provision in § 17–2–103(6)(c) for tolling the expiration period unconstitutionally lengthens this statutory maximum. He contends that because the tolling provision was enacted subsequent to the maximum parole legislation, its application to him violates the federal and state constitutional prohibitions against *ex post facto* laws. We disagree.

These prohibitions forbid the passage of any law which imposes a punishment for an act which was not punishable at the time it was committed or which imposes additional punishment to that prescribed when the act was committed. *People v. Billips*, 652 P.2d 1060 (Colo.1982).

However, the statutory provision tolling the expiration of parole upon the filing of a violation complaint does not impose additional punishment. Rather, it allows the board to maintain its jurisdiction over the parolee while authorities investigate the alleged parole violations and to hold a revocation hearing.

When the hearing establishes that the parolee violated a condition of parole, the board may revoke his parole and reinstate his sentence without granting him credit for the time served on parole. *See* § 17–22.5–203, C.R.S. (1986 Repl.Vol. 8A). Thus, tolling imposes no additional punishment on the parole violator.

On the other hand, when the parole board determines that there was no parole violation, or, as here, when the complaint based on the alleged violation is dismissed, the parolee's status should be reinstated as if no complaint had occurred. Consequently, the parole period is not extended and no additional punishment is imposed.

██ The result in the instant case is that when the first complaint was dismissed, petitioner's parole status was reinstated as if no tolling had occurred. Therefore, his parole term expired on December 9, 1987, and, although the board did not discharge him then, all subsequent events must be viewed as if they occurred after

discharge. Thus, when the second complaint was filed in September 1988, the parole board no longer had jurisdiction to revoke petitioner's parole.

Accordingly, the court's denial of petitioner's petition is reversed, and the cause is remanded with directions to vacate the parole revocation.

PIERCE and HODGES *, JJ., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).