Anthony J. DURAN, Plaintiff–Appellant,

v.

William E. PRICE, Warden, Arkansas Valley Correctional Facility, Defendant–Appellee.

No. 93SA122.

Supreme Court of Colorado, En Banc.

Jan. 10, 1994.

---

**9.** There were no new counts added for the additional victims.

Anthony J. Duran, pro se.

Gale A. Norton, Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., John August Lizza, First Asst. Atty. Gen., Paul S. Sanzo, Sr. Asst. Atty. Gen., Human Resources Section, Denver, for defendant-appellee.

Justice MULLARKEY delivered the Opinion of the Court.

The appellant, Anthony J. Duran, seeks review of the district court's denial of his *pro se* petition for a writ of habeas corpus and the denial of his motion for appointment of counsel. We affirm.

### I

On June 16, 1972, Duran was sentenced to a term of life imprisonment after having been convicted of first degree murder. Duran was paroled on March 1, 1984. On November 23, 1988, Duran's parole officer filed a parole violation complaint with the Colorado State Parole Board. The complaint alleged that Duran had committed a new offense and that he failed to participate in antabuse and alcohol treatment. Duran's parole was revoked on April 13, 1989.

Duran filed a *pro se* petition for writ of habeas corpus in the Crowley County District Court on May 20, 1992 pursuant to the Habeas Corpus Act, sections 13–45–101 to –119, 6A C.R.S. (1987 & 1992 Supp.). In his petition, Duran argued that the parole board lacked jurisdiction to revoke his parole since his parole had already statutorily expired. Duran also filed a motion for appointment of counsel, asking the district court to appoint counsel for him in the habeas corpus proceedings.

On June 4, 1992, the district court held a telephone hearing on Duran's petition. At that hearing, the district court denied Duran's request for appointment of counsel. In an order dated June 15, 1992, the district court also denied Duran's petition, finding that his parole had been lawfully revoked. The court reasoned that a parole violation complaint was filed 4 years, 8 months and 22 days after Duran was paroled, and that the filing of this complaint tolled the five-year expiration period imposed by statute. *See* § 17–2–103(6)(c), 8A C.R.S. (1993 Supp.).

Duran filed an appeal from the district court's denial of his habeas corpus petition and a motion for appointment of counsel in the Colorado Court of Appeals. The court of appeals referred Duran's appeal to this court to decide whether jurisdiction was properly vested in the Colorado Supreme Court or the Colorado Court of Appeals. *See* § 13–4–110(1)(a), 6A C.R.S. (1987). We accepted jurisdiction over Duran's appeal and now affirm.

### II

■ As an initial matter, we consider Duran's petition as an appeal from the denial of a Crim.P. 35(c) motion, rather than an appeal from the denial of a habeas corpus petition.

■ A habeas corpus proceeding is a civil action, the essential purpose of which is to determine whether a person is unlawfully detained. *Graham v. Gunter*, 855 P.2d 1384, 1385 (Colo.1993); *Johnson v. Gunter*, 852 P.2d 1263, 1265 (Colo.1993); *Cardiel v. Brittian*, 833 P.2d 748, 751 (Colo.1992). However, habeas corpus is only an appropriate remedy to redress an unlawful restraint on one's liberty when no other form of relief is available. *Kailey v. State Dept. of Corrections*, 807 P.2d 563, 566 (Colo.1991); *Blevins v. Tihonovich*, 728 P.2d 732, 733 (Colo.1986). In other words, a defendant must exhaust his legal remedies before he is entitled to habeas corpus relief. *Mulkey v. Sullivan*, 753 P.2d 1226, 1232 (Colo.1988).

■ In this case, a Crim.P. 35(c) motion for post-conviction relief provided Duran with an appropriate avenue for challenging the revocation of his parole. Rule 35(c)(2)(VII) of the Rules of Criminal Procedure expressly authorizes post-conviction relief from an invalid sentence on the ground "[t]hat the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release." *See also* § 18–1–410(1)(h), 8B C.R.S. (1986) (authorizing post-conviction relief on the same grounds); *Turman v. Buckallew*, 784 P.2d 774, 776 (Colo.1989); *White v. Denver Dist. Court*, 766 P.2d 632, 635 (Colo. 1988). This ground includes allegations that the petitioner's parole had already expired when it was revoked. *See Goetz v. Gunter*, 830 P.2d 1154 (Colo.App.1992).

■ Nor is Duran barred from filing a Crim.P. 35(c) motion by the statute of limitations set forth in section 16–5–402, 8A C.R.S.

(1986).[1] Duran was convicted of first degree murder, which is a class 1 felony. *See* Ch. 121, sec. 1, § 40–3–102(3), 1971 Colo.Sess. Laws 388, 418. According to section 16–5–402(1), there is no limit on the time period in which to challenge any class 1 felony.

Previously, we have held that a habeas corpus petition which seeks relief available under Crim.P. 35 should be treated as a Crim.P. 35 motion based upon the substantive issues raised in the petition, rather than the label placed on the pleading. *Turman*, 784 P.2d at 776; *White*, 766 P.2d at 634. This is not to say, however, that Crim.P. 35(c) motions and habeas corpus petitions are interchangeable. Rather, each remedy has its own distinctive procedures. For example, the proper party in a Crim.P. 35 proceeding is "the People" through its representative, the district attorney. *People v. Ham*, 734 P.2d 623, 626 (Colo.1987). On the other hand, "the People" is not a proper party in a habeas corpus proceeding. *Stilley v. Tinsley*, 153 Colo. 66, 76, 385 P.2d 677, 683 (1963). Only the person in whose custody the petitioner is detained should be named as a party. *Reed v. People*, 745 P.2d 235, 238 (Colo.1987); *Stilley*, 153 Colo. at 76, 385 P.2d at 683. In addition, the court of appeals does not have jurisdiction over writs of habeas corpus. § 13–4–102(1)(e), 6A C.R.S. (1987). However, jurisdiction of an appeal from a Crim.P. 35 motion is properly vested in the court of appeals. *See* § 13–4–102(1); *Turman*, 784 P.2d at 776; *White*, 766 P.2d at 634 n. 6. Finally, all district courts have jurisdiction in habeas corpus proceedings, and one seeking habeas corpus may select his forum. *Stilley*, 153 Colo. at 85–86, 385 P.2d at 688. Crim.P. 35(c) motions, however, must be filed in the court rendering the sentence because that court maintains the records relating to the conviction and sentence. *Johnson*, 852 P.2d at 1264–65 n. 3.

In this case, Duran was convicted and sentenced in Denver District Court. Thus, while Crowley County District Court should have treated Duran's habeas corpus petition as a Crim.P. 35(c) motion for post-conviction relief, it should not have ruled on the merits of Duran's petition. Instead, the district court should have converted Duran's petition into a Crim.P. 35(c) motion, and then transferred venue to the sentencing court in the City and County of Denver. *See Graham*, 855 P.2d at 1385; *Johnson*, 852 P.2d at 1265. *See also Turman*, 784 P.2d at 776; *Kailey*, 807 P.2d at 567; *White*, 766 P.2d at 634. In the interests of judicial economy, however, we elect to retain jurisdiction of Duran's appeal.

## III

Duran argues that the parole board lacked jurisdiction to revoke his parole in April 1989 because his parole had already expired. We disagree.

At the time Duran was sentenced in 1972, a prisoner could be placed on parole for as long as the remainder of his sentence. § 17–2–201(5), 8 C.R.S. (1978). In 1979, this statute was amended to fix a maximum duration of parole in the amount of the sentence or five years, whichever is less. *See* Ch. 157, sec. 12, § 17–2–201(5)(a), 1979 Colo.Sess. Laws 664, 667. That provision remains in effect today for prisoners who committed crimes before July 1, 1979. § 17–2–201(5)(a), 8A C.R.S. (1986). However, in 1987 the General Assembly enacted section 17–2–103(6)(c), which provides that the filing of a complaint by the parole officer tolls the expiration of the parolee's parole. *See* Ch. 125, sec. 5, § 17–2–103(6)(c), 1987 Colo.Sess.Laws 650, 651. This statute applies to all offenders, including those who committed crimes before the statute was enacted. *See Goetz*, 830 P.2d at 1156.

Duran was paroled on March 1, 1984. A parole violation complaint was filed 4 years, 8 months and 22 days later on November 23, 1988. Therefore, when the Parole Board revoked Duran's parole on April 13, 1989, the five-year period imposed by statute had not expired.

---

1. Crim.P. 35(c) motions are collateral attacks on criminal convictions and are therefore subject to the statute of limitations set forth in section 16–

5–402. *People v. Wiedemer*, 852 P.2d 424 (Colo. 1993).

## IV

Duran also contends that counsel should have been appointed to represent him in the district court proceedings. Again, we disagree.

No Sixth Amendment right to counsel attaches for indigents seeking post-conviction relief. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Moreover, this court has held that there is no constitutional right to counsel in habeas corpus proceedings. *Brinklow v. Riveland,* 773 P.2d 517, 521 (Colo.1989). While a district court has the authority to appoint counsel in Crim.P. 35(c) proceedings, *Murphy v. People,* 863 P.2d 301, 305 n. 9 (Colo.1993), it may decline to exercise that authority when the asserted claim is wholly unfounded. *Brinklow,* 773 P.2d at 521; *Kostal v. People,* 167 Colo. 317, 318–19, 447 P.2d 536, 537 (1968). Because Duran's allegation that his parole had expired before it was revoked is wholly unfounded, the district court properly refused to appoint counsel for him.

Accordingly, the judgment of the district court is affirmed.