**Charles Franklin JONES, Jr.,
Petitioner–Appellant,**

v.

**Aristedes W. ZAVARAS, Executive Director of the Colorado Department of Corrections, and His Staff at Arrowhead Correction Center, Respondents–Appellees.**

**No. 96SA71.**

Supreme Court of Colorado,
En Banc.

Nov. 12, 1996.

Charles Franklin Jones, Jr., Cañon City, pro se.

Gale A. Norton, Attorney General, Timothy M. Tymkovich, Solicitor General, Garth C. Lucero, Deputy Attorney General, Paul S. Sanzo, First Assistant Attorney General, Denver, for Respondents–Appellees.

PER CURIAM.

Appellant Charles Franklin Jones, Jr., pursuant to section 13–4–102(1)(e), 6A C.R.S. (1987), appeals an order of the Fremont County District Court dismissing his petition for writ of habeas corpus. We affirm the trial court's order.

I

In March 1989 Jones committed the offense of second degree forgery.[1] In 1991 Jones entered a plea of guilty to that offense in the Arapahoe County District Court and was sentenced to the custody of the Department of Corrections (the Department) for a period of five years (Case No. 90CR322). In early 1992 the Department placed Jones in a work-release program at the Williams Street Center in Denver.

Jones also entered pleas of guilty in two other cases filed against him in the Arapahoe County District Court with respect to two other offenses he committed prior to 1991: theft for passing bad checks[2] (Case No. 91CR971), and violation of bail bond[3] (Case No. 91CR1878). At the May 7, 1992, sentencing hearing in these two criminal cases the presiding trial judge indicated that he was impressed by the fact that Jones had been placed in the Williams Street work-release program. Jones received a sentence of twelve years to a community corrections facility on the theft offense in Case No. 91CR971 and one year to a community corrections facility on the violation of bail bond offense in Case No. 91CR1878, such sentences to be served concurrently with each other and concurrently with the five-year sentence previously imposed in Case No. 90CR322. The presiding trial judge informed Jones on the record that if Jones were to commit some other offense at any

1. § 18–5–103, 8B C.R.S. (1986).

2. § 18–4–401, 8B C.R.S. (1986 & 1996 Supp.).

3. § 18–8–212, 8B C.R.S. (1996 Supp.).

time prior to the completion of the two sentences to community corrections, "a lengthy sentence would be considered in the Department of Corrections."

The mittimuses issued in Case No. 91CR971 and Case No. 91CR1878 contain statements that Jones' sentences were to be served at "ACTC or ACRC." Jones asserts that these letters refer to the Arapahoe County Treatment Center and the Arapahoe County Residential Center.

Jones returned to the Williams Street Center on May 7, 1992, the day he was sentenced in Case No. 91CR971 and Case No. 91CR1878. On June 23, 1992, Jones left the Williams Street Center and did not return. On September 14, 1992, a probation officer filed notices of rejection and requests for bench warrants with the Arapahoe County District Court in Case No. 91CR971 and Case No. 91CR1878 recommending the issuance of a warrant for the arrest of Jones and the transfer of Jones' sentences. The notices stated that with respect to the sentences in those two cases Jones "was ordered to enter and successfully complete the community corrections program at the Williams Street Center" and that Jones was "rejected after acceptance by the Williams Street Center."

Jones was ultimately apprehended, and on May 4, 1993, entered a plea of guilty to the offense of attempted escape in the District Court for the City and County of Denver.[4] A sentence to the custody of the Department for a period of six months plus parole was imposed, said sentence to run consecutively to the five-year sentence imposed in Case No. 90CR322. Prior to his release by the Department for completion of the sentences imposed in Case No. 90CR322 and by the District Court of the City and County of Denver, detainers were filed against Jones in connection with Case No. 91CR971 and Case No. 91CR1878.

On September 8, 1994, Jones appeared pro se for resentencing in Case No. 91CR971 and

Case No. 91CR1878. The record does not contain a transcript of this hearing. In his petition for habeas corpus Jones alleges that at this hearing he was denied a request for court-appointed counsel and a continuance; that during the course of the hearing the sentencing judge[5] "became upset with [Jones] and ordered him removed from the courtroom"; and that Jones was sentenced in absentia, without counsel or allocution. The new mittimuses issued in connection with this hearing indicate that Jones appeared at the sentencing hearing pro se and was sentenced to the custody of the Department for a period of twelve years for the theft offense in Case No. 91CR971 and for a period of one year for the offense of violation of bail bond in Case No. 91CR1878, such sentences to be served concurrently.

On December 7, 1995, Jones filed the petition for writ of habeas corpus in this case. The trial court considered the petition and attachments thereto and denied the petition without an evidentiary hearing. The trial court held that the September 8, 1994, sentences were valid and that Jones therefore was not entitled to release. Observing that the sentencing issues Jones sought to raise could have been raised on appeal or by postconviction motion, the trial court concluded that habeas corpus relief is not a substitute for such remedies, citing *Duran v. Price*, 868 P.2d 375 (Colo.1994). The trial court also noted that Crim. P. 35(a) authorizes the filing of a motion to correct an illegal sentence, but that Jones could not satisfy the time limitations imposed by the provisions of that rule.[6]

## II

■ Jones asserts one argument in this appeal: that the district court erred in dismissing his habeas corpus petition without an evidentiary hearing. We reject this argument.

■ Habeas corpus proceedings are designed primarily to determine whether a

---

4. § 18-8-208.1(2), 8B C.R.S. (1986 & 1996 Supp.).

5. The presiding trial judge who initially sentenced Jones in Case No. 91CR971 and Case No. 91CR1878 did not conduct the 1994 hearing.

6. In his habeas corpus petition, Jones alleges that he filed Crim. P. 35(c) motions concerning

the original community corrections sentences in Case No. 91CR971 and Case No. 91CR1878 and that counsel was appointed to represent him with respect to those motions. It appears from the limited record presented in this case that Jones ultimately abandoned his Crim. P. 35(c) motions and elected instead to file this habeas corpus petition. At one point Jones rebuked his court-

person is being detained unlawfully and therefore should be released from custody. *Duran,* 868 P.2d at 377. A petition for habeas corpus relief which fails to establish *prima facie* that the petitioner is not validly confined and is thus entitled to immediate release or that the petitioner has suffered a serious infringement of a fundamental constitutional right resulting in a significant loss of liberty is insufficient and should be dismissed without a hearing. *Christensen v. People,* 869 P.2d 1256, 1259 (Colo.1994); *White v. People,* 866 P.2d 1371, 1373 (Colo. 1994).

█ Jones in essence challenges the procedures by which he was sentenced rather than the legality of his confinement. He does not challenge the validity of the guilty pleas he entered in the four cases here at issue or the validity of the sentences imposed upon him in Case No. 91CR971 and Case No. 91CR1878. In his habeas corpus petition he does allege that the notices of rejection and requests for bench warrants filed by a probation officer in those two cases on September 14, 1992, contain erroneous information. Jones asserts that because the two documents contain false information, the trial judge had no jurisdiction on September 8, 1994, to sentence Jones to the custody of the Department. These assertions challenge the propriety of the procedures surrounding the 1994 sentencing hearing. Such challenges may be raised by means of a Crim. P. 35(c) motion but not by means of a habeas corpus petition. *Duran,* 868 P.2d at 377.[7]

Furthermore, assuming Jones' allegations to be true, neither the petition nor the attachments thereto establish that the trial judge who sentenced Jones to the custody of the Department on September 8, 1994, lacked jurisdiction to do so. Absent a *prima facie* showing that the trial judge who sentenced Jones lacked jurisdiction to do so, the trial court did not err in denying Jones' petition without conducting an evidentiary hearing. *Christensen,* 869 P.2d at 1259.

In *Duran,* we observed that Crim. P. 35(c) motions must be filed in the sentencing court because that court maintains the records relating to the conviction and sentence. *Duran,* 868 P.2d at 378. Jones abandoned the Crim. P. 35(c) motion he filed with the Arapahoe County District Court—the sentencing court. Furthermore, the record filed with this court is incomplete. We also indicated in *Duran* that in some circumstances an appeal from an improperly filed habeas corpus petition could be deemed an appeal from the denial of a Crim. P. 35(c) motion. *Duran,* 868 P.2d at 377. However, the limited record before us does not permit the adoption of such procedure here.

### III

For the foregoing reasons, the order of the trial court dismissing Jones' petition for writ of habeas corpus is affirmed.

█

---

appointed attorney when such attorney informed Jones that the terms of his appointment prohibited him from representing Jones in a separate habeas corpus proceeding. This attorney was permitted to withdraw from the case in September 1994, shortly before Jones' re-sentencing.

7. The record reveals that Jones' court-appointed attorney advised Jones to pursue his Crim P. 35(c) motion—advice which Jones apparently did not heed.