**James HOLT, Petitioner–Appellant,**

v.

**Robert FURLONG, Respondent–Appellee.**

No. 96SA457.

Supreme Court of Colorado,
En Banc.

Oct. 20, 1997.

James Holt, Limon, Pro Se.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Garth C. Lucero, Deputy Attorney General, Paul S. Sanzo, First Assistant Attorney General, Civil Litigation Section, Inmate Litigation, Denver, for Respondent–Appellee.

Justice SCOTT delivered the Opinion of the Court.

The appellant, James Holt (Holt), filed a petition for writ of habeas corpus in the Lincoln County District Court, Honorable Norman L. Arends presiding, seeking his immediate release from the custody of the Colorado Department of Corrections (DOC) on parole. The district court issued the writ and held a hearing to determine whether or not Holt was entitled to release. Following the hearing, the court concluded that the appellant was not entitled to be released on parole, discharged the writ of habeas corpus, and dismissed the petition. Holt appeals seeking our review. We affirm the judgment of the district court.

I.

Holt is a prisoner at the Limon Correctional Facility of the DOC. The respondent, Robert Furlong, is the superintendent of the Limon facility. According to the record and the pleadings, in 1992 Holt was convicted of several crimes and began serving sentences imposed in various proceedings in Denver, Douglas, and Elbert counties. Holt was convicted of first-degree criminal trespass in Douglas County and began an eight-year

sentence on August 3, 1992. He was also convicted of and sentenced to six years in the DOC by the Denver District Court for theft by receiving, to be served concurrent with the Douglas County sentence. In addition, in 1993 Holt began serving a one-year concurrent sentence in Arapahoe County for escape.

The Elbert County District Court sentenced Holt to ten years for second-degree burglary on February 18, 1992. The Elbert County sentence was to be served in community corrections in Arapahoe County, not the DOC, and was to run concurrently with the Douglas County sentence.

On May 7, 1995, Holt was released from the DOC pursuant to an order from the Colorado State Board of Parole. The order placed Holt on parole for a period of three years with respect to the sentences from Arapahoe, Denver, and Douglas counties. However, a condition of Holt's parole was that he was to report directly to Elbert County authorities pursuant to a detainer filed by Elbert County Authorities. Holt had been terminated from the community corrections facility to which he was sentenced by the Elbert County District Court for a term of ten years. The detainer had been filed for the purpose of a resentencing hearing on the Elbert County conviction.

On September 5, 1995, Holt was resentenced by the Elbert County District Court to ten years to be served in the custody of the DOC, effective *nunc pro tunc* to February 18, 1992. *See People v. Hoecher,* 822 P.2d 8, 12 (Colo.1991) ("If the sentencing court determines that the offender shall not remain in community corrections, the court is authorized to resentence the offender and 'impose any sentence which might originally have been imposed without increasing the length of the original sentence.' ").

It is this second Elbert County ten-year sentence that is relevant to Holt's habeas corpus proceeding before the Lincoln County District Court. In his petition and on appeal, Holt asserts that he is entitled to immediate release on parole because the parole board's

order paroling him on May 7, 1995, necessarily included his Elbert County sentence. The district court found that the parole board's order, on its face, did not include the Elbert County sentence. We agree.

On this record, Holt's argument must fail for at least two reasons. First, while his original sentence to community corrections preceded the parole board's May 7, 1995 order, Holt was not resentenced to the DOC for the Elbert County conviction until September 5, 1995, well *after* he was granted parole on the other three sentences. Second, the parole board's order specifically provided that Holt was to report directly to Elbert County authorities following his release on parole because of the Elbert County detainer filed against him, obviously not intending its force to reach any sentence imposed by the Elbert County Court. When he did report to Elbert County, the Elbert County District Court revoked Holt's sentence to community corrections and then resentenced Holt to the DOC for the Elbert County conviction.

We conclude as did the district court that the parole board did not grant Holt parole on the Elbert County sentence. Because he asserts no other basis for entitlement to immediate release, Holt's petition for habeas corpus states no grounds upon which he may be released from his Elbert County conviction and therefore his petition must be denied. *See Jones v. Zavaras,* 926 P.2d 579, 581–82 (Colo.1996); *Christensen v. People,* 869 P.2d 1256, 1259 (Colo.1994); *White v. People,* 866 P.2d 1371, 1373 (Colo.1994).

II.

Accordingly, we affirm the judgment of the district court dismissing Holt's petition for writ of habeas corpus.