**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN RUTHERFORD,

     Petitioner - Appellant,

v.

GARY NEET, ATTORNEY
GENERAL FOR THE STATE OF
COLORADO, DISTRICT COURT,
COURT OF APPEALS, and STATE
SUPREME COURT,

     Respondents - Appellees.

No. 98-1025
(D.C. No. 96-S-2627)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Kevin J. Rutherford, proceeding pro se, appeals the district court's

dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We

exercise jurisdiction pursuant to 28 U.S.C. §§ 2253 and 1291 and affirm.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Mr. Rutherford was convicted and sentenced on various armed robbery and burglary counts in Colorado state court. His conviction and sentence were affirmed by the Colorado Court of Appeals and the Colorado Supreme Court denied certiorari. The appellant then filed a habeas petition raising the following claims for relief in federal court: (1) denial of access to the court and equal protection; (2) denial of a fair and impartial judge and hearing; (3) prosecutorial misconduct and malicious prosecution and (4) ineffective assistance of counsel. The petition was referred to a magistrate judge who recommended dismissal without prejudice for failure to exhaust state remedies. The district court adopted the magistrate's recommendations and denied a certificate of appealability.

"An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A state prisoner must fairly present his federal constitutional claims to the state courts before he may raise them in collateral proceedings in federal court. See Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995). "Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997).

Both the magistrate and district court correctly concluded that because petitioner had failed to present several of his claims to the state courts, those claims are not procedurally exhausted and the federal habeas action cannot stand. Petitioner concedes that "[i]t is correct that the Petitioner's motion for relief holds unexhausted issues." Petitioner's Offer of Written Objection, at 6. He argues, however, that he is terminally ill, and therefore circumstances exist that render state review ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1)(B)(ii).

The exhaustion requirement, however, "is not one to be overlooked lightly," Hernandez, 69 F.3d at 1092, and a federal court may consider the merits of a habeas petition containing unexhausted claims only in "narrow circumstances," id. at 1094. We find that such circumstances do not exist here. There is no reason petitioner's health condition should excuse him from the requirement that he first present his federal constitutional claims to the state courts.

Accordingly, we reject petitioner's argument and AFFIRM the district court. The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust remedies.[1] Because petitioner has not made a "substantial showing of the denial

---

[1] Because we affirm the dismissal of his federal petition for habeas corpus, his motion for a copy of the trial transcript and a record of all federal proceedings is moot.

of a constitutional right," 28 U.S.C. § 2253(c)(2), his request for a certificate of appealability is DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge