George M. **MURRAY**, Petitioner– Appellant,

v.

Randy **HENDERSON**, Centennial Correctional Facility Superintendent; and Aristedes Zavaras, Director of the Colorado Department of Corrections, Respondents–Appellees

No. 98SA25.

Supreme Court of Colorado, En Banc.

Sept. 14, 1998.

George M. Murray, Pro Se, Cañon City.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Garth C. Lucero, Deputy Attorney General, Paul S. Sanzo, First Assistant Attorney General, Civil Litigation Section, Inmate Litigation Unit, Denver, for Respondents–Appellees.

Chief Justice MULLARKEY delivered the Opinion of the Court.

The petitioner, George M. Murray, filed a petition for writ of habeas corpus in the Fremont County District Court. The district court issued the writ, and a hearing was held on July 29, 1996. The court found that Murray was not entitled to reparole, denied the petition, and discharged the writ. We affirm the judgment of the district court.

## I

Murray is presently confined in the Colorado Department of Corrections (DOC) pursuant to two sentencing orders. On October 31, 1985, the Adams County District Court sentenced Murray to twenty years imprisonment, plus one year of parole, less 256 days of presentence confinement, for second-de-

gree murder. Subsequently, on February 10, 1986, Murray pleaded guilty to second degree forgery, and was sentenced to three years plus a period of parole, consecutive to any sentence Murray was already serving.

Murray committed the murder in February 1985 and the forgery in 1984. Because both crimes were committed on or after July 1, 1979 but before July 1, 1985, Murray is within the mandatory parole group. *See Thiret v. Kautzky,* 792 P.2d 801, 805 (Colo.1990). Murray was paroled on February 25, 1995. A parole violation complaint was filed on August 17, 1995. On September 15, 1995, Yvonne E. Scott, a member of the Colorado State Board of Parole, conducted an evidentiary hearing. Based on the testimony at the hearing, Scott revoked Murray's parole, made a contingent placement to community corrections for 180 days, and prepared a "Parole Board Mittimus/Finding and Order" to that effect.

In an affidavit presented to the district court, Scott indicates that "a prerequisite to the execution of my order was acceptance by a community corrections board. The Parole Board does not have authority to order a Community Corrections Board to accept placement of a parolee."

Scott was notified on October 5, 1995, that the Denver Community Corrections Board had denied placement to Murray. She then prepared a new mittimus dated October 5, 1995, revoking Murray's parole and committing Murray to the DOC for the remainder of his original sentence, with review for possible reparole in 180 days.

On January 4, 1996, the Parole Board rejected Murray's request that he be paroled again and deferred the matter. According to the respondents, the Centennial Correctional Facility Superintendent and the Director of the DOC, unless he is reparoled, Murray will remain in the DOC until the completion of his sentence on November 26, 1999.

## II

The purpose of habeas corpus is to determine whether a person is unlawfully detained. *Duran v. Price,* 868 P.2d 375, 377 (Colo.1994). "Habeas corpus is an appropri-

ate remedy to redress an unlawful restraint of one's liberty when no other form of relief is available." *Kailey v. Colorado State Dep't of Corrections,* 807 P.2d 563, 566 (Colo.1991). However, relief by way of habeas corpus is not available when other legal remedies exist, such as a motion under Crim. P. 35. *See Jacobs v. Carmel,* 869 P.2d 207, 209 (Colo. 1994).

 Murray is proceeding pro se in this case. Reading his petition and briefs in the light most favorable to him, it is apparent that Murray is claiming that the revocation of his parole was unlawful because Scott's amended mittimus revoking his parole and committing him to the DOC for the remainder of his sentence was invalid. Such an allegation should be brought in the sentencing court under Crim. P. 35(c)(2)(VII), which provides that an application for postconviction review may allege "[t]hat the sentence imposed has been fully served *or that there has been unlawful revocation of parole,* probation, or conditional release." (Emphasis added.) *See Duran v. Price,* 868 P.2d 375, 377 (Colo.1994). The sentencing court in this case is the Adams County District Court, not the Fremont County District Court where the petition for habeas corpus was filed. Because a legal remedy under Crim. P. 35(c) exists, habeas corpus is not available.

### III

Since the relief sought in Murray's petition is not cognizable by habeas corpus, the district court did not err in discharging the writ. The judgment of the district court is therefore affirmed.