**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN RUTHERFORD,

Petitioner-Appellant,

v.

DENVER DISTRICT COURT;
STATE OF COLORADO;
COLORADO ATTORNEY
GENERAL,

Respondents-Appellees.

No. 05-1122

(D. Colorado)

(D.C. No. 04-Z-2255)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

Kevin Rutherford, a state parolee[1] proceeding pro se, seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition for habeas corpus. Mr. Rutherford also seeks to proceed in forma pauperis ("IFP"). We deny his request for a COA, deny his request to proceed IFP, and dismiss this matter.

---

[1] Although Mr. Rutherford has been released from prison, his status as a parolee is sufficient to render him "in custody" for purposes of 28 U.S.C. § 2254. *See Jones v. Cunningham,* 371 U.S. 236, 238-43 (1963); *United States v. Condit,* 621 F.2d 1096, 1098 (10th Cir. 1980).

## I. BACKGROUND

In 1992, Mr. Rutherford was convicted and sentenced in the Denver District Court on multiple counts of armed robbery and burglary. The Colorado Court of Appeals affirmed his conviction and sentence, and the Colorado Supreme Court denied certiorari. Prior to the current action, Mr. Rutherford had previously filed a habeas petition seeking relief in federal court. In June 1998, we affirmed the federal district court's dismissal of claims without prejudice, for failure to exhaust remedies, and we denied his request for a COA. *See Rutherford v. Neet*, No. 98-1025, 1998 WL 327687 (10th Cir. June 19, 1998). In the earlier action, he had failed to present several of his claims to the state courts.

In October 2004, Mr. Rutherford filed the instant § 2254 petition in federal district court. He asserted three claims for relief, challenging the validity of his 1992 sentence. In November 2004, the magistrate judge allowed Mr. Rutherford to withdraw claims two and three for failure to exhaust state court remedies. Under the remaining claim, Mr. Rutherford argues that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated because he "was not informed, through the charging document, that he would be called upon to defend against [the state's] crime of violence statute." Rec. doc. 3, at 5 (Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, filed Oct. 28, 2004).

As to this claim, the district court concluded that Mr. Rutherford had not

exhausted state remedies on direct appeal. It also determined that this claim was time-barred under 28 U.S.C. § 2244(d). Rec. doc. 9, at 3-4 (Order and Judgment of Dismissal, filed Feb. 2, 2005). In March 2005, the district court denied Mr. Rutherford's motion to reconsider, denied leave to proceed IFP on appeal, and denied a COA. Mr. Rutherford now seeks a COA so he may appeal the district court's dismissal of his first claim.[2]

## II. DISCUSSION

We may issue a COA and entertain Mr. Rutherford's appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the district court denied Mr. Rutherford's habeas petition on procedural grounds for failure to exhaust state remedies. Therefore, we only issue a COA "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

---

[2]We need not examine the gate-keeping requirements of 28 U.S.C. § 2244, regarding second or successive petitions, because his earlier petition from 1998 was dismissed for failure to exhaust state remedies. "A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

Mr. Rutherford has also moved to proceed IFP.  We may only grant such a motion if Mr. Rutherford "show[s] a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

We have reviewed the district court's orders, Mr. Rutherford's brief, and the entire record on appeal.  Our court construes his petition and appellate filing liberally.  *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998).  We agree with the district court that Mr. Rutherford did not exhaust state remedies with respect to his remaining claim, for substantially the same reasons set out in the district court's order.

"An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  We consider the exhaustion requirement "satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Mr. Rutherford has not satisfied either exhaustion procedure.

First, Mr. Rutherford informed the district court that he did not raise his remaining federal claim on direct appeal.  Rec. doc. 8, at 3 (Second Response to

Show Cause, filed Dec. 20, 2004) ("[A]pplicant only remembers the [claim] being argued [on direct appeal] in reference to [state] statute language."). Second, Mr. Rutherford appears to have raised his remaining claim to the Colorado Supreme Court in a September 2004 original petition for a writ of habeas corpus, but the required "fair presentation" of the federal claim to a state court demands more. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal quotation marks and citation omitted); *Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) ("Because review under Wyoming's certiorari petition procedure is discretionary and limited, we find that petitioner's presentation of his ineffective assistance claim for the first time via that procedure was not fair presentation."); *see Mulberry v. Neet*, 8 F. App'x 896, 898 (10th Cir. 2001) (concluding that a defendant seeking habeas relief had not "exhausted state court remedies by seeking a writ of habeas corpus directly (original jurisdiction) from the Colorado Supreme Court").

Finally, even if Mr. Rutherford exhausted his remaining claim in Colorado state courts, we agree with the district court's conclusion that the claim would nonetheless be time-barred under 28 U.S.C. § 2244(d). The one-year limitation

period to seek habeas relief began on April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.  Mr. Rutherford did not file the current suit until October 2004, and he has presented no evidence that statutory or equitable tolling should apply.

## III.  CONCLUSION

Mr. Rutherford has not made a "substantial showing of a constitutional right" under 28 U.S.C. § 2253(c)(2), nor has he shown that the correctness of the district court's procedural ruling was debatable.  Accordingly, we DENY Mr. Rutherford's application for a COA, DENY his motion to proceed IFP on appeal, and DISMISS this matter.

Entered for the Court,


Robert H. Henry
Circuit Judge