24CA0708 Peo v Cordova 01-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0708
El Paso County District Court Nos. 85CR1116 & 85CR1501
Honorable Samuel A. Evig, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Larry L. Cordova,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE LUM
Fox and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Larry L. Cordova, Pro Se

¶ 1    Defendant, Larry L. Cordova, appeals the district court's denial of his Crim. P. 35(c) motion alleging the unlawful revocation of parole.  We affirm.

## I.    Background

¶ 2    In 1985, Cordova entered into a plea agreement to resolve charges filed against him in two cases.  Cordova pleaded guilty in each case to one count of first degree sexual assault in exchange for the dismissal of other charges.  He stipulated to a sentence under the Colorado Sex Offenders Act of 1968 in one case and a determinate aggravated-range sentence in the other case.  In accordance with the plea agreement, the district court sentenced Cordova, in the first case, to one day to life in the custody of the Department of Corrections (DOC), and it imposed a concurrent sixteen-year sentence to the DOC in the second case.  Cordova filed multiple postconviction motions in both cases, which were denied by the district court and affirmed on appeal.  *See People v. Cordova,* (Colo. App. No. 96CA1927, Aug. 14, 1997) (not published pursuant to C.A.R. 35(f)); *People v. Cordova,* (Colo. App. No. 99CA0936, Jul. 6, 2000) (not published pursuant to C.A.R. 35(f)); *People v. Cordova,* (Colo. App. No. 04CA2638, Apr. 20, 2006) (not published pursuant

to C.A.R. 35(f)); *People v. Cordova,* (Colo. App. No. 10CA1473, Jun. 30, 2011) (not published pursuant to C.A.R. 35(f)).

¶ 3     On February 29, 2024, Cordova filed a "Motion to Correct an Unlawful Revocation of Parole under Crim. P. 35(c)."  He asserted that he had been released to parole in 2017 after serving thirty-two years in the DOC.  He further asserted that the parole board revoked his parole two months after his release and "listed the revocation period as the remainder of Cordova's sentence," which was up to life.  Cordova challenged the parole board's action, arguing that the statutes only authorized the board to set a revocation period of the remainder of his parole period, which was five years.

¶ 4     The district court denied Cordova's motion in a written order. The court found that the motion was untimely under section 16-5-402(1), C.R.S. 2024, because Cordova had filed it more than six years after his parole revocation.  The court also denied the motion on the merits, concluding that the statutory provisions applicable to his conviction and sentence did not place a "five-year cap . . . on any period of revocation."  Rather, the court determined,

Cordova's revocation period of the remainder of his sentence — up to life — was proper.

## II.    Discussion

¶ 5     Cordova contends that the district court erred by denying his Crim. P. 35(c) motion. Specifically, he argues that (1) the three-year time limitation under section 16-5-402(1) is not applicable to his parole revocation challenge, and (2) the court erred by denying his motion on the merits. Reviewing de novo, *see People v. Cali*, 2020 CO 20, ¶ 14, we conclude that Cordova's challenge is untimely and therefore do not address the merits.

¶ 6     Crim. P. 35(c)(2)(VII) permits a criminal defendant to seek postconviction relief based on allegations that there has been an unlawful revocation of parole. *People v. Harper*, 111 P.3d 482, 486 (Colo. App. 2004). Subject to exceptions not argued here, a defendant convicted of a non-class 1 felony must seek postconviction relief within three years of his conviction becoming final. § 16-5-402(1); *People v. Collier*, 151 P.3d 668, 671 (Colo. App. 2006) (if no direct appeal is sought, a conviction is final when the trial court enters judgment and sentence is imposed).

¶ 7    Cordova argues that section 16-5-402(1) is not applicable to his claim because he is challenging his parole revocation, not his conviction. But, "[b]ecause [Cordova] relies upon grounds that may only be considered under Crim. P. 35(c), his motion is subject to the time bar of § 16-5-402(1)." *People v. Shepard*, 151 P.3d 580, 585 (Colo. App. 2006) (applying section 16-5-402(1) to a probation revocation challenge cognizable under Crim. P. 35(c)); *see also Duran v. Price*, 868 P.2d 375, 377-78 (Colo. 1994) (applying section 16-5-402(1) to a parole revocation challenge under Crim. P. 35(c) and concluding that defendant's challenge wasn't time barred because he was convicted of a class 1 felony). And even if we compute the start of the three-year time bar from the date of Cordova's parole revocation in 2017, he did not file his Crim. P. 35(c) motion until February 29, 2024, which is beyond the three-year timeframe. *See Shepard*, 151 P.3d at 585. Furthermore, Cordova doesn't set forth any circumstances that might constitute excusable neglect. His claim is therefore time barred.

### III.    Disposition

¶ 8    The order is affirmed.

JUDGE FOX and JUDGE GOMEZ concur.