1
 2026 CO 37 David J. Gottorff, Plaintiff-Appellant v. Jason Lengerich and Moses Stancil. Defendants-Appellees David J. Gottorff, Plaintiff-Appellant v. Bryan Coleman, Warden of the Buena Vista Correctional Facility, and Moses Stancil, Executive Director of Colorado Department of Corrections. Defendants-Appellees Nos. 24SA315, 25SA256Supreme Court of Colorado, En BancJune 1, 20262
 
           Appeal
 from the District Court Chaffee County District Court Case
 No. 24CV9 Honorable Patrick W. Murphy, Judge
 
 3
 
           Appeal
 from the District Court Chaffee County District Court Case
 No. 25CV7 Honorable Dayna Vise, Judge
 
 4
 
          
 Plaintiff-Appellant David J. Gottorff, pro se Buena Vista,
 Colorado
 
 
          
 Attorneys for Defendants-Appellees: Philip J. Weiser,
 Attorney General Christopher B. Synsvoll, Senior Assistant
 Attorney General Denver, Colorado
 
 5
 
 
           PER
 CURIAM
 
 
          ¶1
 David J. Gottorff, an inmate in the Colorado Department of
 Corrections ("CDOC"), seeks review of two district
 courts' orders, denying his petitions for a writ of
 habeas corpus and ordering him to pay the filing fees
 associated with each petition. Because the orders address the
 same grounds for habeas relief and contain identical payment
 orders, we address them together. Gottorff's petitions
 raised arguments that prior courts have already reviewed and
 ruled on or that are more appropriately resolved in his
 pending direct appeal. Therefore, we affirm the habeas
 courts' denials of Gottorff's petitions for habeas
 relief. But because we also conclude that the habeas courts
 erred by concluding that Gottorff wasn't eligible for
 waivers of the filing fees, we vacate the fee-payment related
 portions of the habeas courts' orders.
 
 
          I.
 Facts and Procedural History
 
 
          ¶2
 In October 2022, Gottorff was acquitted of one count of
 stalking and one count of criminal mischief in case number
 22CR4 in Ouray County District Court for incidents involving
 his neighbors between April 2021 and April 2022. In July
 2023, Gottorff was convicted of three counts of attempting to
 influence a public servant, one count of menacing, and one
 count of stalking in case number 22CR8 in Ouray County
 District Court for incidents involving several public
 servants
 
 6
 
 between October 2022 and January 2023. The court sentenced
 him to an eight-year prison term for these convictions.
 
 
          ¶3
 Gottorff appealed his convictions and sentences to the court
 of appeals.[1] See Appellant's Notice of
 Appeal, People v. Gottorff, No. 23CA1857 (Colo.App.
 Oct. 30, 2023). While his appeal was pending, Gottorff filed
 numerous postconviction motions with the sentencing court,
 seeking to have his convictions and sentences vacated and to
 be released from custody. In these motions, Gottorff alleged
 that his trial, conviction, and confinement violated various
 criminal statutes and were barred by collateral estoppel,
 see § 18-1-302(1)(b), C.R.S. (2025), and by
 double jeopardy, see § 18-1-301(1)(a), C.R.S.
 (2025). He also alleged that the sentencing court improperly
 admitted certain CRE 404(b) evidence. The court denied these
 motions as they arose, concluding that they either (1) were
 improper because Gottorff was then represented by counsel and
 therefore couldn't file pro se motions, (2) failed to
 state claims upon which relief could be granted, or (3)
 raised issues related to those raised in his pending appeal.
 
 
          ¶4
 Gottorff then filed a civil action, case number 24CV9, in
 Chaffee County District Court (the "habeas court")
 against Jason Lengerich (who was the Warden of the Buena
 Vista Correctional Facility at the time) and Moses Stancil
 (who is the
 
 7
 
 Executive Director of CDOC), alleging illegal confinement and
 seeking relief under a writ of habeas corpus. See
 § 13-45-101, C.R.S. (2025). He again asserted that his
 prosecution in case number 22CR8 was barred by collateral
 estoppel and double jeopardy, based on his acquittal in case
 number 22CR4, and he repeated arguments related to the
 sentencing court's admission of improper CRE 404(b)
 evidence. Gottorff also requested that he be allowed to file
 without paying the filing fees required by section
 13-17.5-103, C.R.S. (2025).
 
 
          ¶5
 The habeas court found that Gottorff's petition relied
 "on identical factual and legal grounds" as his
 postconviction motions, including his motion to set aside
 judgment, which the sentencing court had previously denied.
 Gottorff v. Exec. Dir. of Colo. Dep't of Corr.
 &Warden of Buena Vista Corr. Facility, No. 24CV9, at
 2 (Dist. Ct., Chaffee Cnty., Oct. 21, 2024) (unpublished
 order) ("2024 habeas order"). The habeas court also
 noted that Gottorff's petition sought relief on grounds
 that were available in his pending appeal and therefore
 better suited for resolution by the court of appeals.
 Id. at 3. Accordingly, the habeas court denied the
 petition because it was successive, groundless, and failed to
 state a claim upon which relief could be granted.
 Id. at 2-3.
 
 
          ¶6
 The habeas court also concluded that Gottorff wasn't
 eligible for a waiver of the filing fee and ordered him to
 pay $235 within twenty-eight days of the order. Id.
 at 3. The court further ordered that if Gottorff failed to
 pay the fee within that
 
 8
 
 time, it should be collected in monthly installments from his
 inmate account as provided by section 13-17.5-103(2)(b). 2024
 habeas order, at 3. Gottorff then appealed this order
 directly to us in case number 24SA315. See §
 13-4-102(1)(e), C.R.S. (2025) (excluding writs of habeas
 corpus from the court of appeals' jurisdiction).
 
 
          ¶7
 While awaiting our decision, Gottorff filed a second petition
 for a writ of habeas corpus, case number 25CV7, raising the
 same collateral estoppel, double jeopardy, and CRE 404(b)
 grounds set forth in his first habeas petition.[2] He also
 challenged the first habeas court's order regarding
 filing fees. The second habeas court denied the petition, for
 the same reasons the first habeas court denied Gottorff's
 first petition, and ordered him to pay the $235 filing fee
 within twentyeight days or be subject to garnishment, as
 before, per section 13-17.5-103(2)(b). Gottorff v. Exec.
 Dir. of Colo. Dep't of Corr. &Warden of Buena Vista
 Corr. Facility, No. 25CV7, at 2-4 (Dist. Ct., Chaffee
 Cnty., Aug. 8, 2025) (unpublished order). Gottorff appealed
 directly to us for review of this order in case number
 25SA256.
 
 9
 
          II.
 Analysis
 
 
          ¶8
 Because the issues raised in both habeas petitions are the
 same, and because our resolution of the filing fee issue will
 apply equally to both orders, we discuss the two habeas
 courts' orders together.
 
 
          A.
 Denial of Habeas Petitions
 
 
          ¶9
 By constitution and statute, all those imprisoned for
 criminal matters in Colorado may "apply to the . . .
 district courts for a writ of habeas corpus." §
 13-45-101(1); accord Colo. Const. art. II, §
 21; see also Jones v. Williams, 2019 CO 61, ¶
 9, 443 P.3d 56, 59. "A habeas corpus proceeding is a
 civil action, the essential purpose of which is to determine
 whether a person is unlawfully detained." Duran v.
 Price, 868 P.2d 375, 377 (Colo. 1994). Such relief
 should be granted only "when no other form of relief is
 available." Id. Accordingly, there are limits
 on such petitions. And "[w]e have repeatedly declared
 that the writ of habeas corpus may not be used as a
 substitute for an appeal and that a hearing on a writ of
 habeas corpus may not be used as a basis for reviewing issues
 resolved by another court." Ryan v. Cronin, 553
 P.2d 754, 755 (Colo. 1976).
 
 
          ¶10
 Here, as the habeas courts explained, Gottorff's
 petitions raised arguments that prior courts have already
 reviewed and ruled on or that are more appropriately resolved
 in his pending direct appeal. Therefore, we affirm the habeas
 courts' denials of Gottorff's petitions for habeas
 relief.
 
 10
 
          B.
 Filing Fees
 
 
          ¶11
 The habeas courts determined that Gottorff wasn't
 eligible for waivers of the filing fees based on their
 findings that his petitions were groundless. We conclude, and
 defendants concede, that this was error.
 
 
          ¶12
 Section 13-17.5-103(1) provides that a court should deny an
 inmate's motion "to proceed in any civil action
 without prepayment of fees . . . if the action on its face is
 frivolous, groundless, or malicious, or fails to state a
 claim upon which relief may be granted." As the term is
 used in article 17.5, a "'civil action' does not
 include . . . an action for habeas corpus." §
 13-17.5-102(1), C.R.S. (2025).
 
 
          ¶13
 Therefore, Gottorff's habeas actions weren't subject
 to section 13-17.5-103's limitations, and the habeas
 courts erred by ordering him to pay those fees. See
 § 13-17.5-103(3) ("In no event shall an inmate be
 prohibited from filing a civil action . . . because the
 inmate has no assets and no means by which to pay [the
 fees]."). We thus vacate the fee-payment related
 portions of the habeas courts' orders.
 
 
          III.
 Conclusion
 
 
          ¶14
 We affirm in part and vacate in part the habeas courts'
 orders.
 
 
 ---------
 
 
 Notes:
 
 
 [1] As of the date of this opinion, the
 court of appeals case is still pending, awaiting final
 briefing.
 
 
 [2] The defendants in this second habeas
 petition are Bryan Coleman, who replaced Lengerich as Warden
 of the Buena Vista Correctional Facility, and
 Stancil.
 
 
 ---------