FILED
United States Court of Appeals
Tenth Circuit

September 21, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

CYNTHIA RENEE PINKEY,

Petitioner - Appellant,

v.

DONA ZAVISLAN,

Respondent - Appellee.

No. 11-1336
(D.C. No. 1:11-CV-01129-LTB)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Cynthia Renee Pinkey, a Colorado state inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's judgment. The district court dismissed Ms. Pinkey's habeas petition as time-barred and found no circumstances warranting equitable tolling. 28 U.S.C. §§ 2241, 2244(d)(2); R. 100-08. Ms. Pinkey claims that Colorado's Department of Corrections ("CDOC") violated her constitutional rights by miscalculating her sentence. Aplt. Br. 2. She claims that her state court remedies were not exhausted until December 2010. Aplt. Br. 1.

To obtain a COA, Ms. Pinkey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court

dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 483-84.

Ms. Pinkey was sentenced in three separate Colorado proceedings between March 1, 2004, and September 1, 2005. R. 15, 21, 23. She alleges that the CDOC failed to adequately credit presentence confinement. Aplt. Br. 2. Specifically, she claims that "403 days" of presentence confinement before her first conviction, in Douglas County District Court on March 1, 2004 (02CR63), and time served thereafter, should have been applied against her third conviction, on September 1, 2005 in Arapahoe County District Court (04CR362), but that this period was erroneously "voided." Id. She claims this will eventually result in "false imprisonment." Id.

Ms. Pinkey previously challenged the terms of her confinement in a federal habeas proceeding resulting in a dismissal without prejudice for failure to exhaust. See Pinkey v. Ortiz, No. 06-cv-00393-ZLW (D. Colo. May 25, 2006). This court denied a COA and dismissed her appeal, reasoning that Ms. Pinkey had not exhausted her claims; a state petition for a writ of mandamus did not suffice. Pinkey v. Ortiz, 213 F. App'x 678 (10th Cir. 2007). In 2006, Ms. Pinkey also filed a habeas corpus petition in the Denver District Court; it was denied on June 20, 2006, for failure to state a claim that she was entitled to immediate release.

R. 88-89. On appeal, the Colorado Court of Appeals, in accordance with state law, referred the matter to the Colorado Supreme Court. R. 90. The Colorado Supreme Court affirmed the denial on March 1, 2007. R. 97. Ms. Pinkey filed an original petition in that court earlier this year, which was denied on April 8, 2011. R. 98. The instant action was filed on April 28, 2011.

The district court held that Ms. Pinkey's claim was time-barred under 28 U.S.C. § 2244(d), which applies to § 2241 actions challenging the execution of a state sentence. See Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). It determined that the one-year limitation period began to run when the factual predicate of Ms. Pinkey's claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Even allowing for tolling while the Colorado habeas proceedings were pending, § 2244(d)(2), the one-year limitation surely was activated by March 1, 2007, when the Colorado Supreme Court affirmed the denial of the state habeas petition. The original proceeding that she filed in April 2011 in the Colorado Supreme Court did not toll the one-year period, since tolling can only occur *within* the limitation period. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). The district court's determination on this issue is not reasonably debatable.

Claims under § 2241 are subject to equitable tolling in extraordinary circumstances. Holland v. Florida, 130 S.Ct. 2549, 2562-63 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). The district court's determination that

- 3 -

no circumstances indicated equitable tolling is not reasonably debatable.

We DENY a COA, DENY IFP status as moot, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge