**Steven M. TULLER, Petitioner–Appellant,**

v.

**Donice NEAL, Respondent–Appellee.**

**No. 94SA195.**

Supreme Court of Colorado,
En Banc.

Dec. 5, 1994.

Steven M. Tuller, pro se.

No appearance on behalf of respondent-appellee.

Justice VOLLACK delivered the Opinion of the Court.

The appellant, Steven M. Tuller, appeals[1] from the denial of his petition for writ of habeas corpus. We affirm the judgment of the district court.

In 1978, the appellant entered a plea of guilty to sexual assault on a child. He was sentenced to the Colorado Department of Corrections for an indeterminate term of one day to life in 1979. The appellant subsequently filed at least five motions for postconviction relief under Crim.P. 35(c), all of which were denied. The Crim.P. 35(c) motions filed in 1990 and 1991 were denied by the district court as untimely under section 16–5–402, 8A C.R.S. (1986). The appellant apparently did not appeal the order denying his 1990 and 1991 postconviction motions.

In 1992, the district court denied the appellant's fifth motion for postconviction relief without a hearing. The court of appeals affirmed the district court's order, *People v. Tuller*, No. 92CA0444 (Colo.App. Mar. 4, 1993) (not selected for publication), and we denied the appellant's petition for certiorari, *Tuller v. People*, No. 93SC407 (Colo. Feb. 7, 1994).

■ The appellant's petition for writ of habeas corpus raises the same issues that his previous Crim.P. 35(c) motions raised: that he was denied the effective assistance of counsel and that his 1978 guilty plea was involuntary. Such claims may not be raised by way of habeas corpus. *People v. Thomas*, 867 P.2d 880, 886 (Colo.1994) (assertions of ineffective assistance of counsel are properly addressed by a Crim.P. 35(c) motion); *Stewart v. Tinsley*, 157 Colo. 441, 442, 403 P.2d 220, 220 (1965) (claims of involuntary guilty

1. The appellant's appeal was initially lodged in the court of appeals. The court of appeals referred the appeal to this court to determine jurisdiction, § 13–4–110(1)(a), 6A C.R.S. (1987). We ordered that the case be transferred to this court, which exercises exclusive jurisdiction over appeals from the district court in habeas corpus cases, § 13–4–102(1)(e), 6A C.R.S. (1987).

plea not properly raised by way of habeas corpus).

 If it appears from the face of a petition that the petitioner is not entitled to habeas corpus relief, the petition may properly be denied without a hearing. *Jacobs v. Carmel,* 869 P.2d 207, 211 (Colo.1994). Because the appellant's petition requested relief not cognizable by habeas corpus, the district court did not err in denying the petition without holding an evidentiary hearing. *Id.* Since the appellant has already unsuccessfully pursued relief under Crim.P. 35(c), we need not treat the petition as a motion for postconviction relief. *Cf. Duran v. Price,* 868 P.2d 375, 378 (Colo.1994). The judgment of the district court is therefore affirmed.