**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID E. EDMISTON,

      Petitioner-Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO, KEN SALAZAR,
Attorney General, and JOSEPH
ORTIZ, Director of D.O.C.,

      Respondents-Appellees.

No. 05-1172

District of Colorado

(D.C. No. 05-Z-53)

---

**ORDER**[*]

---

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

David E. Edmiston, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Edmiston has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Mr. Edmiston was convicted in the District Court of Adams County, Colorado and sentenced to a six-year term of imprisonment for felony menacing and drinking while intoxicated. He did not appeal his conviction or sentence directly, instead filing two post-conviction motions in the Adams County District Court pursuant to Colorado Criminal Procedure Rule 35. The court denied both post-conviction motions. Mr. Edmiston then filed a motion with the Colorado Supreme Court for a writ of mandamus pursuant to Colorado Appellate Rule 21 asking the court to vacate his conviction and sentence. The Colorado Supreme Court denied the motion without discussing its merits.

On January 12, 2005, Mr. Edmiston filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the application without prejudice for failure to exhaust state remedies, denied him a certificate of appealability, and denied his motion to proceed in forma pauperis on appeal pursuant to 28 U.S.C. § 1915. Mr. Edmiston now appeals.

Under 28 U.S.C. § 2254(b)(1)(A), federal courts may not grant an application for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although Mr. Edmiston properly challenged his conviction and sentence in the

Adams County District Court pursuant to Colorado Criminal Procedure Rule 35, he attempted to bypass the normal appellate process by filing a motion for a writ of mandamus in the Colorado Supreme Court under Colorado Appellate Rule 21. "Relief under [Rule 21] is extraordinary in nature and . . . shall be granted only when no other adequate remedy, including relief available by appeal . . . , is available." Colo. App. R. 21(a)(1). In *Castille v. Peoples*, the Supreme Court held that where a state prisoner has presented his claims to the state's highest court for discretionary review, but "in a procedural context in which its merits will not be considered unless there are special and important reasons," the prisoner's state law remedies are not exhausted. 489 U.S. 346, 351 (1989) (internal quotation marks omitted). Mr. Edmiston's Rule 21 motion therefore did not exhaust his state remedies.

Mr. Edmiston argues that he should be excused from exhausting state remedies because there has been an "inordinate delay" in his state court proceedings. He provides no support for this claim, however, and according to his application for a writ of habeas corpus, all of his claims raised in the habeas petition were considered and rejected by the Adams County District Court in his post-conviction motions.

Consequently, the application for a certificate of appealability is **DENIED**; the motion to proceed in forma pauperis is **DENIED**; and the appeal is **DISMISSED**.

Entered for the Court,


Michael W. McConnell
Circuit Judge