FILED
United States Court of Appeals
Tenth Circuit

December 3, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARK ANTHONY ESQUIBEL,

Plaintiff - Appellant,

v.

BRIAN WILLIAMSON; OFFICER
SMITH; OFFICER TODIS; SHERIFF
J. GRAYSON ROBINSON;
DOUGLAS G. BECHTEL,

Defendants - Appellees.

No. 10-1357

(D. Colorado)

(D.C. No. 1:10-CV-01279-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Mark Anthony Esquibel, a Colorado state prisoner appearing pro se,

appeals the dismissal of his complaint against several persons involved in a

criminal prosecution against him: the deputy district attorney who prosecuted

him, Douglas Bechtel; the deputy state public defender appointed to represent

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him, Brian Williamson; and the police officers who arrested him, Dan Smith and William Todis. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

On June 3, 2010, Mr. Esquibel, proceeding *in forma pauperis*, filed a pro se prisoner complaint in the United States District Court for the District of Colorado. The complaint alleged several claims under 42 U.S.C. § 1983 arising out of his arrest, detention, and prosecution by Colorado state authorities. The district court ordered him to file an amended complaint clarifying the factual basis of his claims, and he did so on July 21, 2010. The amended complaint alleged that on November 20, 2009, he was illegally detained by Smith and Todis and that the detention constituted an illegal search and seizure in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. He also alleged that Bechtel and Williamson had conspired to withhold exculpatory evidence by failing to introduce Todis's police report documenting Mr. Esquibel's arrest or to produce Todis as a witness at his preliminary hearing. He asserted that Todis's report and testimony would have contradicted Smith's report and preliminary-hearing testimony. (He also sought relief from defendant Sheriff J. Grayson Robinson; but he has not argued on appeal that the district court erred in dismissing his claims against the sheriff.) The amended complaint included an assertion that 28 U.S.C. § 2254 provided an "additional or alternative" basis of jurisdiction for his claims. R., Vol. 1 at 98. It asked for compensatory and

-2-

punitive damages and a "preliminary injunction to prevent irreparable injury and adequate corrective process be applied." *Id.* at 113.

The district court, acting sua sponte under § 1915(e)(2)(B)(i), dismissed the amended complaint in an order dated August 5, 2010. Mr. Esquibel filed his notice of appeal on August 11. On September 23 the district court denied his motion to proceed *in forma pauperis* on appeal.

## II. DISCUSSION

Because Mr. Esquibel is proceeding pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We first address his claim for habeas relief, and then address his claims under § 1983.

### A. § 2254 Application

Liberally construing Mr. Esquibel's amended complaint, the district court read it to seek habeas relief under 28 U.S.C. § 2254; but it dismissed the claim as premature. We affirm the dismissal because Mr. Esquibel has not shown that he exhausted his state remedies before filing his amended complaint.

A state prisoner generally may not raise a claim for federal habeas corpus relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a habeas applicant must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a state

prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). The applicant bears the burden of proving that he exhausted state court remedies, *see McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion would have been futile, *see Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Mr. Esquibel has not shown that he exhausted his state remedies before filing his amended complaint on July 21, 2010. To be sure, it appears that Mr. Esquibel raised in state court some of the issues raised in that amended complaint. But the only matter presented to a state appellate court before he filed his amended complaint was his petition to the Colorado Supreme Court for a writ of prohibition and mandamus to set aside the denial of his pretrial request for habeas relief in Colorado state district court. The petition was denied on May 6, 2010. Such a petition for extraordinary and discretionary relief does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Edmiston v. Colorado*, 158 F. App'x 980, 981–82 (10th Cir. 2005) (unpublished). In any event, it would be remarkable if Mr. Esquibel could have exhausted his state remedies by the time he filed his amended complaint in federal court because his conviction in state court was on July 20, 2010, only one day before

the filing.  (The fact of Mr. Esquibel's conviction does not appear in the district-court record but is disclosed in his brief in this court.)

Because Mr. Esquibel has failed to show that he exhausted his state remedies and has not argued that exhaustion would have been futile, we affirm the district court's dismissal of his habeas claim.

**B.     § 1983 Claims**

As for Mr. Esquibel's § 1983 claims, he challenges only the district court's dismissal of the damages claims against defendants Bechtel, Williamson, Smith, and Todis.  The district court, apparently not informed that Mr. Esquibel had been convicted the day before he filed his amended complaint, abstained from exercising jurisdiction over these claims under *Younger v. Harris*, 401 U.S. 37 (1971).  Although it would have been proper for the district court to *stay* this case so that a judgment could not have any preclusive effect on the pending criminal prosecution, *dismissal* of the damages claims on that ground was error.  *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  Nevertheless, we can affirm the dismissal on other grounds.

The claim against Bechtel is barred by his immunity from suit.  "State prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983 for activities intimately associated with the judicial process."  *Gagan v.*

*Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (emphasis, ellipsis, and internal quotation marks omitted).  To determine whether a prosecutor is entitled to absolute immunity, "the determinative factor is advocacy because that is the prosecutor's main function."  *Id.* (internal quotation marks omitted).  Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 n.34 (1976); *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372 n.4 (10th Cir. 1991) (it is a "well-settled rule that a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information" (internal quotation marks omitted)).

Also, public defenders ordinarily cannot be held personally liable under § 1983 when "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" because they do not "act under color of state law."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Although a public defender may act "'under color of state law' when engaged in a conspiracy with state officials to deprive his client of constitutional rights," *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994), a mere conclusory allegation of conspiracy will not suffice.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007); *Hunt*, 17 F.3d at 1268.  Here,

the amended complaint contains "no facts establishing an agreement or meeting of the minds" between Bechtel and Williamson. *Hunt*, 17 F.3d at 1268.

Turning to Mr. Esquibel's claims against Smith and Todis, we hold that they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision disallows § 1983 claims that, if successful, would necessarily imply the invalidity of a previous conviction, unless the conviction has been set aside. *Id.* at 487. As the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. There is no evidence that Mr. Esquibel's convictions have been reversed, expunged, declared invalid, or called into question. He appears to argue that because two of the original five charges against him were dismissed, he has received a favorable determination sufficient to go forward on his § 1983 claims. The question under *Heck* is not, however, whether some charges were dismissed, but whether a judgment in his favor on his civil claims "would necessarily imply the invalidity" of the convictions on the remaining charges. *Id.* at 487.

The sole allegations against the two officers in the amended complaint are that they detained and searched him in violation of the Fourth, Fifth, and

Fourteenth Amendments. Although "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction," *id.* at 487 n.7, the suit is cognizable only when the evidence would have been admissible despite the unlawful search or the conviction would have been obtained without the evidence, *see id.*; *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 559 n.4 (10th Cir. 1999). Here, however, Mr. Esquibel's own brief on appeal states that his "conviction aris[es] from police officer's violations of Plaintiff's Fourth, Fifth and Fourteenth Amendments on grounds that officers lacked reasonable suspicion unsupported by probable cause on which to detain and question Plaintiff," Aplt. Br. at 6 ¶ 8, and that "[t]he Constitutional violations were central to the state criminal conviction," *id.* ¶ 9. Based upon his own contention that Smith and Todis's alleged misconduct directly led to his conviction, his § 1983 claims against them are barred by *Heck* unless his conviction is set aside.

Finally, we note that Mr. Esquibel's amended complaint includes a request for injunctive relief, and that *Heck* serves to bar only actions "to recover *damages* for allegedly unconstitutional conviction or imprisonment." *Heck*, 512 U.S. at 486 (emphasis added). We do not address the injunction request, however, because it is not clear from the complaint what injunctive relief he is seeking and

because his brief on appeal failed to contest the district court's dismissal of any claim for injunctive relief.

## III.  CONCLUSION

We AFFIRM the dismissal of the amended complaint.  We GRANT Mr. Esquibel's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge