FILED
United States Court of Appeals
Tenth Circuit

August 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID CHITWOOD,

       Petitioner - Appellant,

    v.

JOHN DAVIS, Warden; JOHN
SUTHERS, Attorney General of the
State of Colorado,

       Respondents - Appellees.

No. 11-1120

(D. Colorado)

(D.C. No. 1:10-CV-02474-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

David Chitwood (Defendant), a Colorado state prisoner proceeding pro se,

seeks a certificate of appealability (COA) to appeal the denial of his application

under 28 U.S.C. § 2241 for habeas relief. *See* 28 U.S.C. § 2253(c)(1)(A)

(requiring COA to appeal denial of application). We deny his request for a COA

and dismiss the appeal.

## I. BACKGROUND

In September 1993, after being temporarily transferred from the custody of

the Missouri Department of Corrections, Defendant pleaded guilty in the District

Court of Jefferson County, Colorado, to one count of second-degree burglary and

one count of second-degree forgery. He was sentenced to concurrent prison terms of 20 years on the burglary count and 8 years on the forgery count, the "sentence . . . to run consecutive to [his] sentences in Missouri." R., Vol. 1 at 21. He then was returned to prison in Missouri and remained there until he was returned to Colorado in November 1998. In January 2009 he pleaded guilty to felony menacing in a separate case in the District Court of Adams County, Colorado, and the next month he was sentenced to a term of six years in prison consecutive to his Jefferson County sentence.

In August 2009 Defendant filed an unsuccessful petition for writ of habeas corpus in the District Court of Chaffee County, Colorado. Although he did not appeal that decision, he filed an original petition for writ of habeas corpus with the Colorado Supreme Court, which was also denied.

In October 2010, Defendant filed his § 2241 application in the United States District Court for the District of Colorado. He filed an amended application in November. The amended application raises three claims, all based on an alleged mistake by the Colorado Department of Corrections in not setting the start of his prison term until his 1998 return to Colorado from Missouri. On February 15, 2011, the district court entered an order dismissing the application without prejudice on the ground that Defendant had failed to exhaust his state

remedies; it also denied a COA on his claims. Defendant now seeks a COA from this court.[1]

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was

---

[1]Although Defendant's notice of appeal was due on Friday, March 18, 2011, *see* Fed. R. App. P. 4(a)(1) (requiring that a notice of appeal "be filed with the district clerk within 30 days after the judgment or order appealed from is entered"), his motion to proceed on appeal *in forma pauperis*, which the district court treated as a notice of appeal, was not docketed until March 21. Federal Rule of Appellate Procedure 4(c)(1), however, provides that "[i]f an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Because Defendant has submitted evidence that his motion was mailed on March 17, we will treat his appeal as timely.

correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

A state prisoner generally may not raise a claim for federal habeas corpus relief unless (1) he "has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1)(A), or (2) exhaustion would be futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B)(i), (ii). To exhaust a claim, a habeas applicant must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The applicant bears the burden of proving that he exhausted state-court remedies or that exhaustion would have been futile. *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Defendant has not shown that he exhausted his state remedies. Although Colorado authorizes a state prisoner to appeal to the Colorado Supreme Court a state district court's denial of a petition for writ of habeas corpus, *see* Colo. Rev. Stat. § 13-4-102(1)(e) (2011); *Tuller v. Neal*, 886 P.2d 279, 279 n.1 (Colo. 1994),

Defendant did not appeal the state district court's denial of his petition. He contends that he exhausted his remedies by filing an original petition for writ of habeas corpus with the Colorado Supreme Court. But that did not suffice. The exercise of the Colorado Supreme Court's original jurisdiction appears to be limited to correcting errors "that cannot be later remedied on appeal," and it "is extraordinary relief, limited in purpose and availability, and the court retains the discretion to choose not to exercise it." *People v. Martinez*, 22 P.3d 915, 921 (Colo. 2001) (en banc); *see* Colo. App. R. 21(a)(1). In particular, a petition seeking the exercise of the supreme court's original jurisdiction is "not a substitute for appeal." *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996) (en banc). Because Defendant's petition in the state supreme court sought extraordinary and discretionary relief, it did not fairly present the issues to that court, and it does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Esquibel v. Williamson*, No. 10-1357, 2010 WL 4912310, *2 (10th Cir. Dec. 3, 2010) (unpublished); *Edmiston v. Colorado*, 158 F. App'x 980, 981–82 (10th Cir. 2005) (unpublished).

Thus, Defendant did not exhaust his state remedies. And he has not argued that exhaustion would have been futile. We therefore hold that no reasonable jurist could debate that the district court erred in dismissing the Defendant's § 2241 application.

## III.  CONCLUSION

We DENY the application for a COA and DISMISS the appeal.  We also DENY Defendant's request to proceed *in forma pauperis* and his motion for appointment of counsel.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge