FILED
United States Court of Appeals
Tenth Circuit

November 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LYNN EUGENE SCOTT,

      Petitioner-Appellant,

v.

WARDEN OF THE BUENA VISTA
CORRECTIONAL FACILITY,

      Respondent-Appellee.

No. 11-1447
(D.C. No. 1:11-CV-00361-WJM)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

      Lynn Eugene Scott, a Colorado state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's dismissal, for lack of

subject-matter jurisdiction, of his 28 U.S.C. § 2241 application for federal habeas relief.

Because Scott has failed to satisfy the standards for the issuance of a COA, we deny his

request and dismiss the matter.

I

      In the spring of 2000, Scott was sentenced in Colorado state court to consecutive

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

terms of imprisonment of ten years and six months. Scott was subsequently released on April 11, 2007, to serve a five-year term of parole. Approximately three months later, on July 9, 2007, Scott's parole was revoked due to multiple violations of his parole agreement.

On February 19, 2008, while still incarcerated, Scott was convicted by prison authorities of possession of an unauthorized legal document. Scott unsuccessfully challenged this conviction in the Colorado state courts. The State Parole Board, on the basis of this conviction, extended the period of Scott's parole revocation to August 5, 2008.

Scott was reparoled on August 5, 2008, but soon thereafter violated the terms of his parole agreement. On November 20, 2008, Scott was returned to state custody to serve the remainder of his revoked five-year parole term. Scott is currently scheduled for release on May 3, 2012.

On February 10, 2011, Scott initiated these federal proceedings by filing a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Scott's application asserted that his February 19, 2008 disciplinary conviction was constitutionally invalid because (1) the evidence presented against him at the disciplinary hearing was insufficient to satisfy the "preponderance of the evidence standard" applied by the Colorado Department of Corrections in its internal disciplinary proceedings, and (2) in any event, the hearing officer "should have" applied a "clear and convincing evidence standard" because the disciplinary conviction resulted in the "los[s] [of Scott's] re-parole date."

2

ROA, Vol. 1 at 12.  Scott subsequently filed a motion to amend in which he alleged, in pertinent part, that (1) the disciplinary hearing officer "failed to find some evidence to support [his] verdit [sic]," id. at 115, and (2) he was "being held beyond his [original] lawful sentence to [sic] incarceration," id. at 116.

Respondent moved to dismiss the matter as moot, asserting that "Scott's current incarceration is unrelated to the [disciplinary] conviction that is the subject of this habeas action."  Id. at 124.  According to respondent, "Scott's current incarceration is solely based on the parole violations (including new crimes) committed [by Scott] after his release on August 5, 2008 . . . ."  Id. at 126-27.  Consequently, respondent argued, "[e]ven if the Court were to find that Scott's [disciplinary] conviction violated his due process rights and ordered that it be expunged, such a finding would have no effect on Scott's current incarceration."  Id. at 127.

On August 25, 2011, the district court issued an order dismissing the matter for lack of subject-matter jurisdiction.  In its order, the district court first agreed with respondent that the claims asserted by Scott in his original application were moot: "The [Application] challenges the execution of [Scott]'s sentence as it was affected by his February 1998 prison disciplinary conviction—i.e., the postponement of his reparole from May 12, 2008 to August 5, 2008," and "does not assert any constitutional or federal statutory claims concerning the execution of [his] sentence following his reparole in August 2008 and his subsequent reincarceration in November 2008."  Id. at 172.  The district court in turn denied as futile Scott's motion to amend his application to include a

claim "that his current incarceration is illegal because he has already served the ten-and-a-half year sentence [originally] imposed by the state court." Id. at 173. According to the district court, Scott failed to properly exhaust his state-court remedies with respect to that claim.

Scott moved for reconsideration on September 2, 2011. The district court denied the motion on October 17, 2011, concluding that it "raise[d] the same arguments that were rejected by the Court previously." Id. at 186.

Scott filed a notice of appeal on September 23, 2011. Scott has since filed an application for a COA with this court, as well as an opening brief and a motion to proceed on appeal without prepayment of costs or fees.

II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). That is, a state prisoner may not appeal from the denial of federal habeas relief unless the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition on procedural grounds without reaching the prisoner's

4

underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Although we have liberally reviewed Scott's pleadings, we conclude that he cannot satisfy these standards. Turning first to Scott's challenge to his February 2008 disciplinary conviction, we agree with the district court that any constitutional claim arising from that conviction is moot because Scott is no longer in custody as a result of that disciplinary conviction, and he has failed to establish any collateral consequences flowing from it. See Spencer v. Kemna, 523 U.S. 1, 8, 14 (1998) (concluding that petitioner's challenge to parole revocation was moot because the period of reincarceration had expired; concluding further that collateral consequences must be proved, not presumed).

As for Scott's claim that he is now being required to serve more time than was provided by his 1990 sentence, we agree with the district court that Scott has failed to properly exhaust his state-court remedies with respect to this claim. To be sure, Scott filed a state habeas action in August 2009 asserting this same claim. But when that action was dismissed by the state district court, Scott chose not to appeal, as was his right under Colorado law. See Colo. Rev. Stat. § 13–4–102(1)(e); see also Tuller v. Neal, 886 P.2d 279, 279 n.1 (Colo. 1994) (noting that the Colorado Supreme Court "exercises exclusive jurisdiction over appeals from the district court in habeas corpus cases"). Instead, Scott attempted to invoke the original jurisdiction of the Colorado Supreme Court by filing a

motion for discretionary relief pursuant to Colorado Rule of Appellate Procedure 21(a)(1).[1] That motion was denied, and Scott made no attempt thereafter to invoke the Colorado Supreme Court's appellate jurisdiction. Because a petition seeking the exercise of the Colorado Supreme Court's original jurisdiction is "not a substitute for appeal," Bell v. Simpson, 918 P.2d 1123, 1125 n.3 (Colo. 1996) (en banc), the Colorado Supreme Court was never "fairly presented" with the constitutional claim asserted in Scott's state habeas action and dismissed by the state district court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (concluding that "[r]aising [a] claim in" a "procedural context in which its merits will not be considered unless 'there are special and important reasons therefor'" does not "constitute 'fair presentation'" for purposes of satisfying the state exhaustion requirements). Consequently, Scott has not properly exhausted his available state-court remedies. See also id.; Esquibel v. Williamson, 421 F. App'x 813, 815 (10th Cir. 2010) (concluding that a petition for writs of prohibition and mandamus filed with the Colorado Supreme Court pursuant to Colo. R. App. P. 21 was not the equivalent of a direct appeal and thus did not satisfy the exhaustion requirement); Edmiston v. Colorado, 158 F. App'x 980, 981 (10th Cir. 2005) (same).

---

[1] Colorado Rule of Appellate Procedure 21(a)(1) provides, in pertinent part, that "[r]elief under th[e] rule is extraordinary in nature," "is a matter wholly within the discretion of the [Colorado] Supreme Court," and "shall be granted only when no other adequate remedy . . . is available." Colorado Appellate Rule 21(a)(2) in turn provides that "habeas corpus" petitions "are subject to this rule." See also People v. Nichelson, 219 P.3d 1064, 1066 (Colo. 2009) (en banc) ("[R]elief under [Rule] 21 is generally limited to extraordinary circumstances where there is no other adequate remedy.").

The application for COA is DENIED and the matter is DISMISSED. The motion to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge