FILED
United States Court of Appeals
Tenth Circuit

December 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIE T. HAYES,

        Petitioner - Appellant,

v.

JAMES FALK, D.O.C. Sterling
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO JOHN
SUTHERS,

        Respondents - Appellees.

No. 13-1201
(Case No. 1:12-CV-02590-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

This matter is before the court on the pro se request of Petitioner Willie T.

Hayes for a certificate of appealability to appeal the district court's denial of his

28 U.S.C. §2254 habeas corpus petition.

Petitioner pleaded guilty to attempted first degree criminal trespass on

November 14, 2011. He was subsequently sentenced to eighteen months of

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, plus one year of parole. Petitioner did not file a direct appeal following his plea and sentence. Instead, he filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure on March 26, 2012. In his Rule 35(c) motion, Petitioner raised claims concerning an apparent clerical error resulting in the appearance of an incorrect address for the location of Petitioner's attempted trespass on the complaint and criminal information underlying Petitioner's guilty plea. After considering Petitioner's Rule 35(c) motion on the merits, the state trial court denied it on July 30, 2012.

Petitioner next submitted a petition to the Colorado Supreme Court for a writ of mandamus pursuant to Rule 21 of the Colorado Appellate Rules. In his Rule 21 petition, Petitioner again raised the claims concerning the incorrect address. The Colorado Supreme Court denied the petition without a hearing on August 30, 2012. Thereafter, Petitioner appealed the state trial court's denial of his Rule 35(c) motion for postconviction relief.

On September 28, 2012, Petitioner filed the instant habeas corpus petition in federal district court, reasserting the claims regarding the incorrect address. On October 2, 2012, while Petitioner's habeas petition was pending, he moved the Colorado Court of Appeals to dismiss his appeal of the denial of his Rule 35(c) motion. On October 17, 2012, the Colorado Court of Appeals dismissed the appeal. Finally, after court-ordered pre-answer briefing, the federal district court denied Petitioner's habeas petition on April 26, 2013, holding that Petitioner's

-2-

asserted claims were unexhausted before the state courts and procedurally barred from federal review.

In denying the petition, the district court noted that by failing to pursue his claims regarding the incorrect address through appeal of the state trial court's denial of his Rule 35(c) motion, Petitioner failed to exhaust state court remedies prior to seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (requiring that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" prior to seeking habeas relief). The district court further noted that Petitioner's attempt to pursue those claims through a Rule 21 petition to the Colorado Supreme Court did not constitute exhaustion of state remedies for purposes of habeas review. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim raised in a "procedural context in which its merits will not be considered unless there are important reasons therefor" does not fulfill the exhaustion requirement (internal quotation marks omitted)); *see also Scott v. Warden of Buena Vista Corr. Facility*, 457 F. App'x 712, 715 (10th Cir. 2011). The district court also noted that any subsequent attempts by Petitioner to raise his claims regarding the incorrect address would be barred in state court by Rule 35(c)(3)(VI) of the Colorado Rules of Criminal Procedure which states, with exceptions inapplicable to Petitioner's circumstances, "[t]he court shall deny any claim that was raised and resolved in a prior appeal or

postconviction proceeding on behalf of the same defendant." Thus, the district court ultimately held Petitioner's claims regarding the incorrect address are procedurally barred from federal review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (holding that if an applicant for habeas relief "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . . there is a procedural default" (citations omitted)); *see also Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007) (stating, "this court does not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice" (quotation marks omitted)).

Petitioner now seeks a COA to appeal the district court's denial of habeas relief. In his COA application to this court, petitioner primarily reasserts the merits of his claims raised before the district court. However, Petitioner argues further that his claims should be excused from the exhaustion requirement and exempt from the procedural bar for federal habeas review because the regular state appellate process would have been too slow to provide him with adequate relief and because failure to consider his claims has resulted in a fundamental miscarriage of justice.

Generally, to obtain a COA, a petitioner must make a "substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denied Petitioner's "habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim" the prisoner must demonstrate, among other things, that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude reasonable jurists would not debate the district court's procedural disposition of Petitioner's habeas petition.

Reasonable jurists would not debate that Petitioner's circumstances do not render the "'available State corrective process . . . ineffective to protect the rights of the [Petitioner]'" such that he is exempted from the exhaustion requirement and the procedural default of his claims. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (quoting 28 U.S.C. § 2254(b)). Further, reasonable jurists would not debate Petitioner has failed to demonstrate that the procedural default of his claims has resulted in a miscarriage of justice sufficient to overcome the procedural bar for federal review. *United States v. Cervini*, 379 F.3d 987, 990-92 (10th Cir. 2004).

Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the

appeal.  However, the motion to proceed on appeal without prepayment of costs or fees is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge