FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

HUNTER ADAM MELNICK,

Petitioner - Appellant,

v.

JARED POLIS, Governor; KRISTEN
HILKEY, Chairperson of CSBOP; DEAN
WILLIAMS, Exec. Director of Prisons;
RYAN LONG, Warden of DRDC,

Respondents - Appellees.

No. 21-1289
(D.C. No. 1:21-CV-00717-LTB-GPG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY*

_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.

_____

Petitioner Hunter Adam Melnick, proceeding pro se,[1] applied for relief under 28

U.S.C. § 2241 in the District of Colorado. He argues that the Colorado State Board of

Parole violated Colorado law and his due process rights when it revoked his probation.

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Melnick is proceeding pro se, we liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Though we can allow for his "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," we cannot assume the role of advocate on his behalf. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The district court dismissed his application without prejudice because Melnick failed to exhaust available state-court remedies. He now seeks a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(1) to contest the district court's decision. We deny the COA and dismiss this matter.

## DISCUSSION

### A.     Standard of Review

To appeal a district court's denial of federal habeas relief under § 2241, a state prisoner must first obtain a COA. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To do so, the prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But if a district court dismisses on procedural grounds without reaching the merits of the claim, the prisoner can still obtain a COA by demonstrating that it's reasonably debatable whether: (1) his petition states that his constitutional rights were denied and (2) the district court erred in dismissing his case on procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### B.     Melnick Has Failed to Exhaust His State Remedies

To obtain relief under § 2241, a state prisoner must first exhaust all available state-court remedies. *Montez*, 208 F.3d at 866. A prisoner satisfies the exhaustion requirement by going through "'one complete round of the State's established appellate review process,' giving the state courts a 'full and fair opportunity' to correct alleged constitutional errors." *Chitwood v. Davis*, 434 F. App'x 741, 743 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In Colorado, a prisoner may challenge the revocation of his probation through Colorado Rule of Criminal Procedure 35(c). *See White v. Denver Dist. Ct., Div. 12*, 766 P.2d 632, 634 (Colo. 1988). Indeed, Melnick did just that—he moved for post-conviction relief under Rule 35(c) in December 2020. But the state court has yet to rule on his motion. Melnick concedes this fact. He has thus not exhausted his state-court remedies.

Still, Melnick insists otherwise. He points out that he filed a habeas petition in state district court. That court dismissed his petition for improper venue. But rather than appeal this dismissal, Melnick sought to invoke the Colorado Supreme Court's original jurisdiction under Colorado Rule of Appellate Procedure 21(a)(1). The Colorado Supreme Court denied Melnick's request. And that denial, according to Melnick, exhausted his state remedies for his federal habeas petition.

We disagree. A petition asking the Colorado Supreme Court to exercise its original jurisdiction "is not a substitute for appeal." *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996) (en banc). And Melnick has "made no attempt thereafter to invoke the Colorado Supreme Court's appellate jurisdiction." *Scott v. Warden of the Buena Vista Corr. Facility*, 457 F. App'x 712, 714 (10th Cir. 2011). That fact combined with his still-pending Rule 35(c) motion means that Melnick has not exhausted all available state remedies. And because this issue is not debatable, the district court properly dismissed his § 2241 application without prejudice. *See Chitwood*, 434 F. App'x at 743.

3

## CONCLUSION

For the reasons stated above, we deny Melnick's COA application and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge